1846.

MEAD
*v.*
RICHARDS.

## MEAD *v.* RICHARDS and others.

Where an injunction bill is filed with affidavits annexed and an answer on oath is waived, but the same is put in under oath and strong affidavits also are read in support of a motion to dissolve the injunction, the dissolution is not a matter of course, especially where proofs may have to be taken before a correct decision can be had.

MOTION to dissolve an injunction. The complainant had purchased real estate in the city of New-York, subject to a lease. Circumstances seemed to render it doubtful whether a certain lease, alleged to be on the premises, was a *bona fide* instrument; and, as proceedings were taken for summary possession and the buyer of the property considered there was an attempt to force him unequitably to buy parties off, he filed the present bill, to which affidavits were attached. It is deemed unnecessary to give the particulars of the case, as the suit is reported simply for the exposition of the rule contained in the decision of the court.

*Jan.* 6.
1846.

*Practice.*
*Injunction.*

Mr. *J. C. Smith,* Mr. *Bonney* and Mr. *Woodward,* for the respective defendants.

Mr. *C. Edwards,* for the complainant.

THE VICE-CHANCELLOR:—This is not a case in which it is a matter of course to dissolve the injunction on the denial by the answers of all the equity of the bill. The oath of the defendant in answering is waived; and the bill has affidavits annexed, verifying the principal facts on which the equity is based. And although these facts are strongly controverted, it is, after all, but a conflict of affidavits which lead to no very definite or certain conclusion. Proofs may have to be taken, in the usual manner, before the cause can be properly or correctly decided. In the meantime, the court is authorized, in its discretion, to retain the injunction until the hearing. If it shall, then, be found not sustainable and the defendant, O'Rielly, shall appear to have been

*Feb.* 24.

unjustly kept out of possession of the premises and of the rents and profits during the term he claims to be entitled to, this court can recompense him in damages by means of the injunction bond, as to the sufficiency and amount of which bond there appears to be no complaint. But, notwithstanding the strong assertions in the answers and affidavits on the part of the defendants, the case is open to a good deal of criticism and suspicion as to the good faith and fairness of the transaction in relation to the lease and to O'Reily's becoming the purchaser of it for one hundred dollars in reality on his own account.

Under the circumstances, I think there can be no danger of working injustice to the defendants or any of them by retaining the injunction and undertaking to determine the rights of parties in this court, instead of dissolving it and allowing them to litigate at law.

Motion denied.